IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TIMOTHY C. DEVINE | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 01:18-00871-T-RAH |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT'S MOTION FOR CLARIFICATION**

On January 14, 2021, this Court issued its opinion holding that plaintiff's refund claims were not timely under 26 U.S.C. § 6511(a). (Dkt. 46). Accordingly, this Court dismissed plaintiff's complaint for lack of subject matter jurisdiction and transferred defendant's counterclaims. Defendant moves this Court to clarify its January 14, 2021, opinion with regard to references to Revenue Procedure 2009-26 on pages 8, 20, and page 21. *See* RCFC 60(a) (allowing the court to correct a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record).

In our motion for summary judgment, defendant argued, in the alternative, that if the CFC reached the merits of plaintiff's suit, defendant would be entitled to judgment in its favor on plaintiff's claims because plaintiff did not elect the extended five-year carryback by the due date in § 172(b)(1)(H)(iii) as amended by the American Recovery and Reinvestment Act ("ARRA.") (Dkt. 36-1, Section V., 33-34[1]). We noted, however, that if the CFC found that it lacked jurisdiction over plaintiff's complaint, it did not need to reach the issue of whether plaintiff was entitled to elect an extended five-year carryback period under ARRA, including plaintiff's arguments regarding Revenue Procedure 2009-26. (Dkt. 42, 17; *see* Dkt. 36-1, 33).

---

[1] All page citations are to the internal pagination of the document, at the bottom of the page.

On pages 8 and 20, the CFC's opinion states that the Revenue Procedure set a deadline for electing an extended carryback under ARRA, and provisionally presumes "that the IRS regulation was validly promulgated." (Dkt. 46, 8, 20). But, as plaintiff has conceded, the deadline to elect an extended five-year carryback under ARRA was set forth in statute, not in Revenue Procedure 2009-26. (Dkt. 36-1, 35 & 36, Dkt. 39, 33). Congress specified that the deadline to elect an extended five-year carryback of a net operating loss had to be made by the due date (including extension of time) for filing the taxpayer's return:

> **(iii) Election.** – Any election under this subparagraph shall be made in such manner as may be prescribed by the Secretary, and shall be made by the due date (including extension of time) for filing the taxpayer's return for the taxable year of the net operating loss. Any such election, once made, shall be irrevocable. Any election under this subparagraph may be made only with respect to 1 taxable year.

26 U.S.C. § 172(b)(1)(H)(iii) *as amended by* Pub-L. 111-5, Div. B, Title I, § 1211(a),(b) 123 Stat. 335. Congress later repealed (H) in 2014. Pub-L 113-295, Div. A., Title II, § 221(a)(3)(A)(i), 128 Stat. 4041. In 2009, the IRS issued Revenue Procedure 2009-26, which provided that an eligible small business could make its election on Forms 1045 and 1139 by the due date set forth in § 172(b)(1)(H)(iii). (Rev. Proc. 2009-26, Purpose, ¶.03). (Dkt. 36-1, 37). Thus, although the Revenue Procedure set forth *the manner* in which certain taxpayers could make the election, it merely referred to the due date in the statute as opposed to setting forth a due date. And as we explained in our summary judgment motion, *even if* the Revenue Procedure had described a different due date, the statutory due date would prevail. (Dkt. 36-1, 35-37).

Although plaintiff alleged in his complaint that the IRS "prescribed by a Revenue Procedure a statute of limitation," . . . "without following the procedural requirements of the

APA," (Dkt. 9, ¶16) he conceded in his summary judgment response that the language setting the due date for the election was reflected in section 1211 of Pub. L. 111-5. (Dkt. 39, 33).

Additionally, page 8 of the CFC's opinion states: "If so, the plaintiff's refund claim was not timely under ARRA or Revenue Procedure 2009-26, and rendering the Court unable to exercise jurisdiction." Page 21, in the last paragraph, contains the sentence: "He therefore does not qualify for the extended statute of limitations under I.R.C. § 6511(d) *or under § 1211 of ARRA*." Defendant did not argue that the election deadline in ARRA or any portion of Revenue Procedure 2009-26 is a jurisdictional prerequisite to filing suit.[2] As this Court correctly held, it lacks jurisdiction over the subject matter based on 26 U.S.C. §§ 6511(a) & 7422, which set forth jurisdictional prerequisites to filing suit. (Dkt. 36-1, 25).

Finally, page 8 of the opinion refers to a two-year carryback period in § 6511(a), rather than § 172. It states: "ARRA provided eligible small businesses with the option to carry back 2008 NOLs for up to five years, rather than *the standard two year carryback of I.R.C. § 6511(a) . . .*" The italicized portion of this statement is incorrect because § 6511(a) does not provide for a two-year carryback period of net operating losses. Rather, as the Court correctly recognized elsewhere in its opinion, § 6511(a) provides a period of limitations on filing a refund claim, requiring that such a claim "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . ." By contrast, § 172 of the Internal Revenue Code provides for a net operating loss deduction, and describes carryback periods and carryovers. (Dkt. 36-1, 35) *See, e.g., Hall v. United States*, 99 Fed. Cl. 617, 621 (2011) (noting that "normal rule" for application of NOLs is to carry them back to the two prior years and then to carry them over to the twenty subsequent years).

---

[2] Plaintiff referred to the Revenue Procedure in connection with arguments about the definition of "return" and § 6511(d), but the Court did not adopt those arguments. (Dkt. 39, 33-34).

As noted above, because this Court found that it lacks jurisdiction over plaintiff's refund claims under §§ 7422 and 6511(a), it need not reach the issues presented in plaintiff's complaint, and plaintiff conceded that the deadline to elect an extended five-year carryback was set forth in statute.  Accordingly, this Court does need to reach the issue plaintiff posed in his suit—assuming he were entitled to a business bad debt deduction, whether he was was entitled to elect the extended five-year carryback of a net operating loss under ARRA.

In conclusion, defendant respectfully requests that this Court clarify its references to Revenue Procedure 2009-26 on pages 8, 20, and 21 to confirm that Revenue Procedure 2009-26 did not set forth a due date for making an extended carryback election, but rather referred to a statutory deadline; remove references to the promulgation of the Revenue Procedure; remove references to the Revenue Procedure and/or ARRA as jurisdictional; and remove the reference to § 6511(a) setting forth a two-year carryback period.

Respectfully submitted,

*s/Miranda Bureau*
MIRANDA BUREAU
Attorney of Record
U.S. Department of Justice
Tax Division, Court of Federal Claims Section
Post Office Box 26, Ben Franklin Post Office
Washington, D.C. 20044
Tel:  (202) 353-9171 / (202) 598-3716
Fax: (202) 514-9440
Miranda.j.bureau@usdoj.gov

DAVID A. HUBBERT
Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section

*s/ David I. Pincus*
*Counsel for the United States*

January 21, 2021